## Madia v. Madia

*Kenneth L. Baker,* for plaintiff.
*Oliver N. Hormell,* for defendant.

SWEET, *P.J.,* October 17, 1978—We have here a question of jurisdiction in habeas corpus. Sam Madia of West Brownsville, a teacher at California State College, and Ina Rae, his wife, have a daughter Tara, born May 7, 1976. She was adopted by the Madias through an uncontested adoption proceeding here in Washington County.

There has been quite a lot of litigation between the parties. A divorce case is pending at no. 260 August Term, 1977 A.D. A domestic complaint in support was filed here on March 29, 1978, by Ina Rae against her husband for the support of Tara only. The divorce has been going on since August of last year. There is also a proceeding under the interstate system commenced by Mrs. Madia, but it has not reached us officially, and we only know of it through a Xerox given us by Mr. Hormell. If the

Xerox is correct, she began such a case on January 4, 1978 out in California.

In the case at bar, Mr. Madia filed a petition for writ of habeas corpus on May 17, 1978, and obtained personal service. However, he lists defendant's address as 2094 Alden Gate Way, Hayward, California. He says that Mrs. Madia left with the child on or about November 1, 1977, but in his brief he avers that she was in Ohio at least for a while last fall.

One might very well question Mrs. Madia's California domicile since she was physically here on March 29, 1978, to file a *domestic* support claim with our Domestic Relations Office, and she appeared in person for a support hearing on May 17, 1978, when she was served with the writ of habeas corpus. The first hearing set for this habeas corpus (by Judge Gladden) was for May 26, 1978. It was then continued by the undersigned until August 11, 1978. Four days before that hearing, Mr. Hormell filed his appearance and raised this question of jurisdiction. He says: "The minor child identified in the Petition of the Plaintiff is domiciled in the State of California. Only a state in which a minor child is domiciled has jurisdiction to grant a binding order respecting the custody of such child."

We think otherwise. Under the provisions of the Uniform Child Custody Jurisdiction Act of June 30, 1977, P.L. 29, 11 P.S., §§2301-2325, we have a new statute which seems effective for this purpose since it was in force from and since July 1, 1977, and everything in the habeas corpus case has happened since then. Section 4 says:

"(a) A court of this State which is competent to decide child custody matters has jurisdiction to

make a child custody determination by initial or modification decree if: (1) this State: (i) is the home state of the child at the time of commencement of the proceeding; or (ii) had been the child's home state within six months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this State." The act goes on to say: "(2) it is in the best interest of the child that a court of this State assume jurisdiction because: (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State; and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

We think the Madia case belongs here under either of these sections. It is in the best interest of this child that the Pennsylvania courts assume jurisdiction because the contacts are greater here than either in Ohio or California and because there is available in this State the substantial evidence referred to in the act.

There is readily available here the record of the adoption proceeding of this child. There was a hearing this spring before the domestic relations hearing officer resulting in a recommended order of support, which has been subsequently appealed to the domestic relations judge. (This is not a true appeal but a refusal to accept the recommended order of support which leads to a de novo hearing before the domestic relations judge.) As noted earlier, there is a divorce proceeding pending at no. 260 August Term, 1977 A.D. This means that if we

have a habeas corpus hearing here, it will cover quite a lot of the same ground.

Defendant here, who objects to the courts of this State, has filed an answer and is vigorously contesting the divorce action. She has elected, not once, but three times, in 1978, to move in support hearings. She filed a domestic petition; she appeared for a hearing before Mr. Wilson, and she is now without jurisdictional objection participating in an "appeal" from the provisional support order. Her motives, or counsel's motives, in raising objections on the habeas corpus claim are shrouded in mystery or perhaps in "wicked gamesmanship."

Under section 4(a), Pennsylvania has jurisdiction. The State of Pennsylvania has been this child's home state, at least until October 29, 1977. The child is absent from this State because of her removal by her mother. Sam Madia, the father, resides here. It is entirely possible that despite the averments of the pleadings, Mrs. Madia still resides here, since she was present here in both March and May of this year and was available here on May 22, 1978, when I continued this matter until August 11, 1978. Although jurisdiction may be raised at any time, we think it is interesting that it was not raised until August 7, 1978. Particularly important is Mrs. Madia's election to commence and pursue the domestic relations support petition for Tara and her acquiescence in the combined support and custody hearing set by the undersigned on May 22, 1978. This act is too new for us to have any significant case law under it. Since both of these people have sought our forum for related litigation and since there is good personal service on Mrs. Madia in the beginning, we have no qualms about dismissing the preliminary objections, and we direct that

the proceedings go forward without further loss of time. It seems self-defeating for this woman to allow her child support to languish while litigating such a pallid technicality.